UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60446-CIV-COHN
MAGISTRATE JUDGE P.A. WHITE

DR. CLIFFORD FLEETWOOD,            :

    Plaintiff,                   :

v.                                 :         REPORT RE DISMISSAL
                                             OF SUCCESSIVE COMPLAINT
                                   :         28 U.S.C. §1915(g)
                                                   (DE#3)
FLORIDA BAR ASSOCIATION,           :
et al.,
                                   :
    Defendants.
_____:


    The pro-se plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983, along with multiple other plaintiffs. Inmates[1] may not join together in a single civil rights suit so as to share the mandatory filing fee. Hubbard v. Haley, 262 F.3d 1194 (11 Cir. 2001), cert. denied, 122 S.Ct. 1083 (2002). The Hubbard Court found that "the intent of Congress in promulgating the [Prison Litigation Reform Act] was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee." Id. The Circuit Court affirmed the district court's decision to dismiss the case filed by multiple plaintiffs without prejudice and to require each prisoner to file an individual action accompanied by the full filing fee or an application to proceed in forma pauperis. In this case it appears that the sole plaintiff to sign the motion to proceed in

---

[1] The Prison Litigation Reform Act applies to convicted prisoners and to pretrial detainees in confinement. 42 U.S.C. §1997e(h).

forma pauperis is Clifford Fleetwood, and under different circumstances he might be asked to amend his complaint to name himself as the sole plaintiff, rather than dismiss the case.

However, in this case the pro se plaintiff is a multiple filer, having filed the following known cases:

➜ 1. Fleetwood v Hurley, et al.
      11-61474-Civ-Zloch
      §1983;
      Dismissed pursuant to 28 U.S.C.
      §1915(e)(2)(B)(ii), 9/30/11

➜ 2. Fleetwood v Lamberti, et al.
      11-61486-Civ-Ungaro
      §1983;
      1915(e)(2)(B)(ii) 9/27/11

➜ 3. Fleetwood v Brown, et al.
      11-61623-Civ-Dimitrouleas
      §1983;
      §1915(e)(2)(B)(ii) 9/21/11

Pursuant to 28 U.S.C. §1915(g), enacted April 26, 1996, no prisoner may bring a civil action or appeal a judgment in a civil action in forma pauperis if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Medberry v. Butler, 185 F.3d 1189, 1192-93 (11 Cir. 1999).

The constitutionality of this section has been comprehensively explored and upheld by the Eleventh Circuit Court of Appeals, Rivera v. Allin, 144 F.3d 719 (11 Cir. 1998). There the Court held

that the new "three strikes" IFP provision does not violate the First Amendment right of access to the court; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment. Moreover, the Court held that courts in this circuit may properly count as strikes cases dismissed on the statutory grounds prior to April 26, 1996.

The types of dismissals that count as "strikes" under §1915(g) which have thus far been recognized and established by judicial precedent, include the following:

1.  **Pre-PLRA Dismissals under 28 U.S.C. §1915(d)**:

    Civil rights claims raised under Title 42 U.S.C., or raised under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which before the April 26, 1996 statutory amendments were dismissed pursuant to the pre-PLRA version of 28 U.S.C. §1915(d), and Neitzke v. Williams, 490 U.S. 319 (1989) in which the Supreme Court had identified two classes of cases in which 28 U.S.C. §1915(d) authorized courts to dismiss cases sua sponte: (I) "claim[s] based on an indisputably meritless legal theory," and (ii) "those claims whose factual contentions are clearly baseless." Medberry v. Butler, 185 F.3d 1189, 1192 (11 Cir. 1999); Rivera v. Allin, 144 F.3d 719, 728-30 (11 Cir. 1998).

2.  **PLRA Dismissals for Failure to State a Claim, Defendants Immune, etc.**:

    Civil rights claims raised under Title 42 U.S.C., or raised under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which are dismissed pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") under the provisions of 42 U.S.C. §§ 1915A(b)(1) and (b)(2), and/or 1915(e)(2)(B), because the claims are either

frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Rivera v. Allin, 144 F.3d 719, 731-32 (11 Cir. 1998); Anderson v. Hardman, et al., No. 99 C 7282 at *3, 1999 WL 1270692 (N.D.Ill. Dec. 17, 1999); Luedtke v. Gudmanson, 971 F.Supp. 1263 (E.D.Wis. 1997).

3. **PLRA Dismissals for Lack of Exhaustion of Administrative Remedies**:

   Civil rights claims concerning conditions of confinement, raised under Title 42 U.S.C., or raised under Bivens, which are dismissed pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") under 42 U.S.C. §1997(e)(a), for failure to exhaust administrative remedies. Rivera v. Allin, 144 F.3d 719, 731 (11 Cir. 1998) (dismissal of a plaintiff's claims pursuant to §1997e is "tantamount to one that fails to state a claim upon which relief may be granted"). Cf. Boles v. Prior, No. 2:00-cv-0401, 2001 WL 180160, at *1 (N.D.Tex. Feb. 20, 2001). But see Snider v. Melindez, 199 F.3d 108, 111-112 (2 Cir. 1999).

4. **PLRA Dismissals for "Abuse of the Judicial Process"**:

   A case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. §1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11 Cir. 1998). Examples of "abuse of the judicial process" include:

   I. **lying under penalty of perjury,** Rivera v. Allin, supra, 144 F.3d at 731 (holding that the dismissal of a case as a sanction by the District Court for the Middle District of Florida properly counted as a "strike" under the "three strikes" provision of the PLRA, pursuant to 28 U.S.C. §1915(g), where the plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit [filed by him]," and although the District Court in dismissing the case "may not have uttered the words

4

   'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting Section 1915(g)");

ii. **refusal to comply with court orders**, Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11 Cir.), cert denied, 510 U.S. 863 (1993) (No. 93-80) (holding that failure to comply with court orders is an "abuse of the judicial process"); Huffine v. United States, 25 Cl.Ct. 462, 464 (Cl.Ct. 1992) (pro se litigant's refusal to comply with Court orders was an "abuse of the judicial process"); and

iii. **repeated assertion of claims previously raised**, Hicks v. Brysch, 989 F.Supp. 797, 822-23, nn. 150 and 151 (W.D.Tex. 1997) (Noting that *pro se* civil rights litigation had become a recreational activity for state prisoners in the Circuit, and that prisoners had abused the judicial system in a manner that non-prisoners have not; and holding that "Noone, rich or poor is entitled to abuse the judicial process," and that "it is malicious *per se* for a pauper to file successive *In Forma Pauperis* suits that duplicate claims made in other pending or previous lawsuits") (citing Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir. 1975), Pittman v. Moore, 980 F.2d 994, 995 (5 Cir. 1993), and Bailey v. Johnson, 846 F.2d 1019, 1021 (5 Cir. 1988)); Lynn v. McClain, 12 Fed.Appx. 676; 2001 WL 328672, at *679 (10 Cir. (Kan) April 4, 2001) (plaintiff's "continued assertion of the same issues and arguments constitutes abuse of the judicial process").

5. **Dismissals under Fed.R.Civ.P. 12(b)(6)**:

5

Civil rights claims raised under Title 42 U.S.C., or under Bivens, which are dismissed on a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b), for lack of subject matter jurisdiction, or for failure to state a claim upon which relief can be granted. Rivera v. Allin, 144 F.3d 719, 728-30 (11 Cir. 1998); Lloyd v. Schwartz, No. 99 C. 3070 at *5, 1999 WL 1044210 (N.D.Ill. Nov. 9 1999); Correa-Serge v. Eliopoulas, No. 95 C 7085, 1998 WL 292425, at *1-5 (N.D. Ill. May 19, 1998).

6. **Dismissals of Claims Re Confinement under Heck v. Humphrey and PLRA**:

    Civil rights claims raised by a state prisoner pursuant to Title 42 U.S.C., or raised by a federal prisoner pursuant to Bivens, attacking his or her confinement, which are dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) and provisions of the PLRA under 28 U.S.C. §§1915A(b)(1) and/or 28 U.S.C. §1915(e)(2)(B). Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-65 (5 Cir. 1998); Luedtke v. Bertrand, 32 F.Supp.2d 1074 (E.D.Wis. 1999) (citing Rivera v. Allin, 144 F.3d 719, 731 (11 Cir. 1998)); Grant v. Sotelo, No. 2:98-CV-0347, 1998 WL 740826, at *1 (N.D.Tex. Oct. 19, 1998); Sanders v. DeTella, No. 98 C 4481 at *3, 1997 WL 126866 (N.D.Ill., March 13, 1997); Sandles v. Randa, 945 F.Supp. 169, 171-72 (E.D.Wis. 1996).

7. **Dismissals of Claims Re Disciplinary Proceedings under Heck v. Humphrey; Edwards v. Balisok, and PLRA**:

    Civil rights claims concerning disciplinary proceedings in state or federal facilities, raised pursuant to Title 42 U.S.C., or raised pursuant to Bivens, which are dismissed pursuant to Edwards v. Balisok, 520 U.S. 641 (1997) and Heck v. Humphrey, 512 U.S. 477 (1994), and provisions of the PLRA under 28 U.S.C. §§1915A(b)(1) and/or 28 U.S.C. §1915(e)(2)(B). Warburton v. Goord, 14 F.Supp.2d 289, 294 (W.D.N.Y. 1998); Hayes v. Washington, No. 99 C 929, 1999 WL 782095, at *4, *8 (N.D. Ill. Sept. 23, 1999).

8. **Appeals Dismissed as Frivolous, Malicious, or for Failure to State a Claim**:

    Appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Adepegba v. Hammons, 103 F.3d 383, 387-388 (5 Cir. 1996).

9. **Dismissals of Mandamus Actions Against Federal Officials or Against State Officials:**

    Petitions for Mandamus against either federal officials or against state officials qualify as "civil actions" under 28 U.S.C. §1915(g). See In Re: Billy D. Jacobs, a/k/a Ya qub, 213 F.3d 289 (5 Cir. 2000) (holding that after he was granted leave under the PLRA to proceed *in forma pauperis* in the district court, and his case was still under initial review for frivolousness as required by 28 U.S.C. §1915A, appellant's mandamus petition in the Court of Appeals seeking to compel the district court to order service on the defendants was inappropriate, hindered the initial review process, and was subject to dismissal as frivolous and counted as a strike under 28 U.S.C. §1915(g), the PLRA's three strikes provision); Green v. Nottingham, 90 F.3d 415, 418 (10 Cir. 1996) (holding that mandamus petitions qualify as "civil actions" under §1915(g), and that plaintiff with three prior strikes under the statute could not be permitted to continue filing actions by merely framing pleadings as petitions for writs of mandamus since to do so would allow a loophole Congress surely did not intend in its stated goal of discouraging frivolous and abusive prison lawsuits); In Re: Michael C. Washington, 122 F.3d 1345 (10 Cir. 1997) (petitions for writ of mandamus qualify as "civil actions" under §1915(g)); Hicks v. Brysch, 989 F.Supp. 797 (W.D.Tex. 1997) (in an *in forma pauperis* §1983 action against state court clerk for mandamus, monetary and injunctive relief, mandamus could not be granted where the defendant was an elected County official, not a federal officer, agent, or employee, and suit was legally frivolous, requiring dismissal under *IF* statute as amended by the PARA. Cf. Martin v. United States, 96 F.3d 853 (if defendant's petition for writ of mandamus arises

7

>        from civil litigation, the petition must conform
>        with the PARA, however if petition arises from
>        criminal litigation, petition need not comply with
>        the Act).

As demonstrated in the list of cases at the top of this report, this plaintiff has filed three cases which fit the criteria of this statute. The plaintiff fails to demonstrate that he falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit. See: Medberry v Butler, supra, (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger), See: Peterson v Smith, 2007 WL 137157 (S.D. Ga. 2007), Johnson v Chase, 2007 SL 710157 (MD Ga 2007) (conclusory allegations defendants are trying to kill plaintiff insufficient to demonstrate imminent danger). In this case, the plaintiff's complaint is extremely difficult to decipher, however he essentially alleges that an Assistant United States Attorney and other defendants conspired to entrap him and destroy his business reputation. It does not appear that the plaintiff is under imminent danger of serious physical injury and it is therefore recommended that this case be dismissed pursuant to 28 U.S.C. §1915(g).[2]

Since the statute only precludes the plaintiff from proceeding in forma pauperis, the dismissal should be without prejudice to the plaintiff to move to reopen the case upon payment of the full filing fee of $350.00 within ten days of dismissal of the

---

[2] In a prior Rico case, 07-60760-Civ-Hurley, the plaintiff claimed that Sandia National Laboratories placed an inter-cerebral transmitter in his brain stem to oppress, control and record his thoughts and whereabouts anywhere in the world by use of satellite tracking equipment.

complaint. The motion to proceed in forma pauperis (DE#3) should be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 5th day of March, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Dr. Clifford Fleetwood, Pro Se
    North Broward Detention Center
    Address of record