UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60446-CIV-COHN/WHITE

DR. CLIFFORD FLEETWOOD,

　　Plaintiff,

v.

FLORIDA BAR ASSOCIATION, et al.,

　　Defendants.

_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon the Report Regarding Dismissal of Successive Complaint 28 U.S.C. § 1915(g) [DE 6] ("Report"), filed by United States Magistrate Judge Patrick A. White. The Court has considered the Report, Plaintiff's Objections [DE 7][1], the record in this case, and is otherwise fully advised in the premises.

Judge White recommends dismissal because Plaintiff's suit is successive and barred by 28 U.S.C. § 1915(g). The undersigned agrees with Judge White. Title 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

---

[1] Plaintiff's Objections are styled as a "Motion to File Objections, and Motion to Correct the Caption, Motion to Stay Proceedings, and or Motion for a Final Order, and Motion for a Copy of the Court Docket." See DE 7. Plaintiff not only objects to the Report, but also asks the Court to stay proceedings until he is released from prison. Plaintiff does not specify his release date, and accordingly, this request will be denied.

imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As Judge White points out, Plaintiff has already filed three suits while incarcerated, each of which have been dismissed for failure to state a claim.  See DE 6 at 2.  Further, Plaintiff has not demonstrated that he is under imminent danger of serious physical injury.  Accordingly, Plaintiff may not proceed *in forma pauperis* in this action so long as he remains incarcerated.

Plaintiff objects to the Report for eleven reasons.  First, he objects on the ground that the Report states that the case arises under 28 U.S.C. § 1983, when in fact, he claims, it was filed pursuant to 28 U.S.C. § 1331.  This objection does not address the viability of Plaintiff's claims under § 1915(g), and will therefore be overruled.  Second, Plaintiff contends, without explanation, that "Magistrate [Judge] White has a predisposed political bias against the Plaintiffs."  DE 7 at 2.  Because Plaintiff gives no further basis for his assertion, the Court finds this assertion to be meritless.  Third, he argues that "[t]he Prison Litigation Reform Act, 42 U.S.C. [§] 1997E(H) is unconstitutional because the aforementioned case."  Id.  There is no case previously mentioned in the Objections, and accordingly this argument fails.  Fourth, Plaintiff contends that he is being illegally imprisoned.  This objection fails because it does not relate to this suit's viability under § 1915(g).  Plaintiff's fifth and sixth objections, taken together, assert that this action should be allowed to proceed because it is not malicious or frivolous, and Plaintiff has a right to a trial by jury.  These arguments likewise fail because they do not address the Report's finding that this action is barred by § 1915(g).

In his seventh and eighth objections, Plaintiff states that the "three strikes rule" in

§ 1915(g) is unconstitutional because Plaintiff could prove his indigency, and because the provision blocks all access to the courts.  However, as Judge White points out, the Eleventh Circuit has determined that § 1915(g) does not violate the First Amendment right of access to courts or the Fifth or Fourteenth Amendment rights to due process of law.  See DE 6 at 2-3 (citing Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998)).  Thus, these objections are overruled.  In Plaintiff's ninth objection, he argues that the caption of this case should read "Dr. Clifford G. Fleetwood, Attorney at Law, P.C."  As this request does not relate to Judge White's recommendation of dismissal, the request will be denied.  In the tenth objection, Plaintiff objects to "the Magistrates Report listing all of the Plaintiffs as persons.  They are not persons they are business entities that have been damaged by the Defendants and their malicious actions."  DE 7 at 4.  This objection is likewise irrelevant to the issue of dismissal, and will be overruled.  Finally, in his eleventh objection, Plaintiff asserts that the claims filed in another lawsuit, Fleetwood, et al. v. Sandia National Laboratories, Inc., et al., No. 07-60760-CIV-HURLEY/HOPKINS (S.D. Fla. closed July 17, 2007), have merit and should be addressed by the Court.  Once again, this objection does not relate to Judge White's determination that this case be dismissed pursuant to § 1915(g).  Accordingly, this objection will be overruled, and the Report will be adopted.  Thus, for the foregoing reasons, it is hereby

>**ORDERED AND ADJUDGED** as follows:
>
>1.   Plaintiff's Objections [DE 7] are **OVERRULED**, and all other relief requested therein is **DENIED**.

2. The Report Regarding Dismissal of Successive Complaint 28 U.S.C. § 1915(g) [DE 6], filed by United States Magistrate Judge Patrick A. White is **ADOPTED**.

3. The Complaint [DE 1] is **DISMISSED without prejudice**. Plaintiff may move to reopen the case upon payment of the filing fee of $350.00, within ten days of this Order.

4. All other pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 10th day of April, 2013.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Clifford G. Fleetwood, *pro se*
Prisoner ID: 381200574
North Broward Detention Center
P.O. Box 407037
Fort Lauderdale, FL 33340