UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60446-COHN

DR. CLIFFORD FLEETWOOD,

    Plaintiff,

v.

FLORIDA BAR ASSOCIATION, et al.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Dr. Clifford Fleetwood's "Motion for a Ruling and a Final Order in Case # 13-CIV-60446" [DE 12]. The Court has considered the motion, the record in this case, and is otherwise fully advised in the premises.

On February 21, 2013, Plaintiff brought suit against a wide variety of Defendants under 42 U.S.C. § 1983 alleging, among other things, malicious prosecution and defamation, and moved to proceed in forma pauperis. On March 6, 2013, Magistrate Judge Patrick A. White issued a Report re Dismissal of Successive Complaint, 28 § 1915(g) [DE 6] ("Report"), recommending that the Court deny the Application to Proceed in District Court without Prepaying Fees or Costs [DE 3], and dismiss the Complaint as successive pursuant to 28 U.S.C. § 1915(g). On April 10, 2013, the Court issued an Order Adopting Report of Magristate Judge [DE 8], adopting Judge White's Report and dismissing the case. In the instant motion, Plaintiff argues that the Court erred in dismissing the case without allowing Plaintiff to serve Defendants with the

Complaint, and asserts that he should be allowed to proceed in forma pauperis. He further contends that "[t]he Federal Rules of Civil Procedure mandate that the Court enter a final order in all civil cases, and close the said case is illegal." DE 12 at 2.

Based on the relief requested, the motion appears to be a motion for reconsideration of the Order Adopting Report of Magristate Judge. A motion for reconsideration under Fed. R. Civ. P. 59(e) is made for the purposes of correcting manifest errors of law or fact or presenting newly discovered evidence. Burger King Corp. v. Ashland Equities, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Reconsideration of an order is "an extraordinary remedy to be employed sparingly." Gathagan v. Rag Shop / Hollywood, Inc., No. 04-805200-CIV, 2005 WL 6504749 at *1 (S.D. Fla. May 9, 2005) (quoting Sussman v. Salem, Saxon, & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)). The three grounds that would justify reconsideration are "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Burger King, 181 F. Supp. 2d, at 1369.

Here, Plaintiff has not pointed to any change in controlling law, has not submitted new evidence, and has not articulated any legal or factual error made by the Court. Plaintiff asserts that the Court erred, but does not present any grounds for that assertion. Moreover, inasmuch as Plaintiff seeks a final order, such relief has already been granted: the Order Adopting Report of Magistrate Judge dismissed the Complaint and closed the case. Thus, Plaintiff's motion will be denied. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Dr. Clifford Fleetwood's "Motion for a Ruling and a Final Order in Case # 13-CIV-60446" [DE 12] is **DENIED**.

2

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of June, 2013.

_[signature]_
JAMES I. COHN
United States District Judge

Copies provided to:

Dr. Clifford Fleetwood, *pro se*
1601 E. Las Olas Boulevard
# 209
Fort Lauderdale, FL, 33301